UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SYED HASAN, | CASE NO. C24-1912-KKE |
| Plaintiff(s), | ORDER DECLINING VOLUNTARY RECUSAL |
| v. | |
| WILLIAM GATES JR., | |
| Defendant(s). | |

This matter comes before the Court on Plaintiff Syed Hasan's motion for recusal.[1] Dkt. No. 6. Having reviewed the motion and the relevant record, the Court denies the motion.

**I. BRIEF BACKGROUND**

Plaintiff proceeds *pro se*. Dkt. No. 3. He sues Defendant, alleging that Defendant harassed him and interfered with the development of Plaintiff's "oncology therapeutic platform." *Id.* at 5. Plaintiff filed this suit on November 14, 2024, and has yet to file a proof of service. *See* Dkt. No. 1.

**II. ANALYSIS**

Judges must voluntarily recuse themselves if their "impartiality might reasonably be questioned," or they have "a personal bias or prejudice concerning a party, or personal knowledge

---

[1] Plaintiff styled his motion as "a motion to dismiss" the undersigned judge. Dkt. No. 6. However, the Court has reviewed its contents and construes the filing as a motion for recusal.

ORDER DECLINING VOLUNTARY RECUSAL - 1

of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Without a "factual showing of a reasonable basis for questioning [their] impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

If a party sufficiently shows that a district court judge has a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. Under this Court's Local Rules, if a judge declines to voluntarily recuse themselves from a case under 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." Local Rules W.D. Wash. LCR 3(f).

Here, Plaintiff provides no reasonable grounds disputing the impartiality of this Court. Plaintiff contends only that the undersigned judge must recuse herself because this case has been pending for over three months, and the Court has not responded to Plaintiff's requests for a Zoom conference or to issue an arrest warrant for Defendant. Dkt. No. 6 at 1. Pursuant to the Code of Judicial Conduct, judges do not participate in *ex parte* communications (via Zoom or any other medium) with litigants, nor is there any basis for this Court to issue an arrest warrant for the Defendant in this civil case. CODE OF CONDUCT FOR U.S. JUDGES Canon 3 (Admin. Off. of the U.S. Courts 2019). "[U]nsupported beliefs and assumptions" are insufficient to establish disqualifying circumstances, *Maier*, 758 at 1583, and no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" here. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

The Court also stresses that it is Plaintiff's responsibility to prosecute this action. While the Court holds *pro se* pleadings to less stringent standards than those drafted by lawyers, "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This includes Plaintiff's

obligation to timely serve Defendant and provide notice of this suit. *See* Fed. R. Civ. Proc. 4. In his motion for recusal, Plaintiff attached an email claiming that a process server attempted to deliver court documents to Defendant's residence, but was turned away. Dkt. No. 6 at 4. This email does not suffice as proper proof of service under Rule 4. Fed. R. Civ. Proc. 4(l)(1).

In conclusion, Plaintiff has failed to show sufficient basis for recusal. The Court thus denies Plaintiff's motion.

### III.  CONCLUSION

The Court DENIES Plaintiff's motion for recusal (Dkt. No. 6). As required by the Local Rules, the Court DIRECTS the Clerk to refer the recusal motion to Chief Judge David G. Estudillo for further review.

Dated this 4th day of March, 2025.

Kymberly K. Evanson
United States District Judge